**MEMORANDUM OPINION**

October 19, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

In re:

RICHARD ALLEN LEWIS                                    Case No. 09-33455
GLENDA SELENA LEWIS                                   Chapter 7
a/k/a SELENA LEWIS

                Debtors

BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

    CHAPTER 7 TRUSTEE:

    ANN MOSTOLLER, ESQ.
    136 South Illinois Avenue, Suite 104
    Oak Ridge, Tennessee  37830

    FOR U.S. BANK NATIONAL ASSOCIATION
    AS TRUSTEE FOR RFMSI 2005SA4:

    LAURA A. GRIFKA, ESQ.
    250 East Ponce De Leon Avenue, Suite 600
    Decatur, Georgia  30031

1         THE COURT:  This contested matter is before me upon the Motion for Relief

2   From Automatic Stay and Abandonment filed by U.S. Bank National Association as

3   Trustee for RFMSI 2005SA4 on July 7, 2009, seeking an order terminating the automatic

4   stay and directing the Chapter 7 Trustee to abandon real property located at 1031 Eddie

5   Craig Drive, McDonough, Georgia, to allow it to proceed with enforcement of its

6   Security Deed encumbering the Eddie Craig Drive property.  On July 21, 2009, Ann

7   Mostoller, Chapter 7 Trustee, filed the Objection of Trustee to Motion of U.S. Bank

8   National Association as Trustee for FRMSI 2005SA4 to Modify Automatic Stay and

9   Abandon Property, arguing that U.S. Bank was not the proper party to bring the motion.

10         The record before me consists of four exhibits stipulated into evidence this

11  afternoon.  There was no testimony.

12         This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

13         The following facts are established through the stipulated record.  On July 22,

14  2005, the Debtors, Richard A. Lewis, II and G. Selena Lewis, executed an InterestFirst

15  Adjustable Rate Note in the amount of $188,000.00 in favor of American Mortgage

16  Express Corp., together with a Security Deed, also dated July 22, 2005, pledging the

17  Eddie Craig Drive property as security for the loan.  American Mortgage Express Corp.

18  was identified as the Lender under the Security Deed, the Debtors were identified as

19  Grantors, and Mortgage Electronic Registration Systems, Inc. (MERS) was identified as

20  Grantee, acting "solely as a nominee for Lender and Lender's successors and assigns."

21  The Security Deed expressly references the Note in Paragraph (E) and identifies the

22  Eddie Craig Drive Property in the section entitled "Transfer of Rights in the Property."

23  This section also reads, in material part, as follows:

24         This Security Instrument secures to Lender:  (I) the repayment of

25         the Loan, and all renewals, extensions and modifications of the

> Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the following described property located in the County of Henry, which currently has the address of 1031 Eddie Craig Drive, McDonough, Georgia 30252. . . . Borrower understands and agrees that MERS holds only legal title to the Interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any actions required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Finally, the Security Deed states at paragraph 26 that "[t]his conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title and not as a mortgage, and is intended to secure the payment of all sums secured hereby."

As evidenced on the face of the Note, at some date following July 22, 2005, the Note was indorsed, without recourse, first to Residential Funding Corporation by Vicki Sanchez, Assistant Vice President of American Mortgage Express Corp., and then to U.S. Bank National Association as Trustee by Judy Faber, Vice President of Residential Funding Corporation. U.S. Bank National Association is the current holder by way of this endorsement and is in, as is established this afternoon through

1    Ms. Grifka's possession, actual possession of the Note.

2    The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on June 24, 2009, and Ms. Mostoller was appointed as Chapter 7 Trustee. On July 16, 2009, a proof of claim was filed by U.S. Bank National Association, through its servicer, GMAC Mortgage, LLC, in the amount of $188,000.00. U.S. Bank National Association identified the claim as being for the account ending in 4530 and attached to its claim the Note and Security Deed.

U.S. Bank National Association filed the Motion for Relief presently before me on July 7, 2009, averring that the property is valued by the Henry County Tax Assessor at $189,000.00, that the unpaid principal balance owed under the Note is $188,000.00, and that the Note has an estimated payoff of $192,182.50. It seeks relief from the stay under 11 U.S.C. § 362(d)(1) for lack of adequate protection and/or (d)(2) because there was no equity in the property and it is not necessary for an effective reorganization. Additionally, U.S. Bank National Association seeks abandonment of the property by the Chapter 7 Trustee as a burdensome asset and because it is of inconsequential value to the estate. The Trustee originally based her opposition to the Motion upon the potential equity evidenced by the Debtors' schedules and her question of whether U.S. Bank National Association was the party to bring the motion; however, pursuant to the Pretrial Order entered on September 8, 2009, the sole issue now before me is whether U.S. Bank National Association is the proper party to file a motion for stay relief in this case for the property located at 1031 Eddie Craig Drive, McDonough, Georgia. The Chapter 7 Trustee is challenging the authority of U.S. Bank National Association to proceed with its Motion for relief from the stay, arguing that although it may be the *holder* of the Note, U.S. Bank National Association has not evidenced that it is the true *owner* of the Note and that there has been no assignment of the original

Security Deed to U.S. Bank National Association providing it with the authority to foreclose under the terms of that instrument.

Pursuant to 11 U.S.C. § 362(d), the court may grant relief from the automatic stay on the request of a party in interest. The Bankruptcy Code does not define "party in interest" but it has been defined by courts as

> an expandable concept depending on the particular factual context in which it is applied. In various contexts, a "party in interest" has been held to be one who has an actual pecuniary interest in the case, anyone who has a practical stake in the outcome of a case, and those who will be impacted in any significant way in the case.

*Morton v. Morton (In re Morton)*, 298 B.R. 301, 307 (B.A.P. 6th Cir. 2003) (quoting *In re Cowan*, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999)). Additionally, Rule 17 of the Federal Rules of Civil Procedure, applicable to contested matters pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, states that "[a]n action must be prosecuted in the name of the real party in interest[, although t]he following may sue in their own names without joining the person for whose benefit the action is brought: . . . (E) a trustee of an express trust[.]" FED. R. CIV. P. 17(a). "Generally, the 'real party in interest' is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit." *In re Woodbury*, 383 B.R. 373, 379 (Bankr. D.S.C. 2008) (quoting *In re Comcoach Corp.* 698 F.2d 571, 573 (2d Cir.1983). Accordingly, under these definitions, U.S. Bank National Association is the real party in interest to prosecute a motion for relief against the Eddie Craig Drive Property if, under Georgia law, it has the legal right to enforce the Note and Security Deed.

Although the Security Deed, which is a security agreement, is not subject to

the provisions and defenses provided by Article III of the Uniform Commercial Code, *see Massey-Ferguson Credit Corp. v. Wiley*, 665 F. Supp. 655, 657 (M.D. Ga. 1987), the Note secured by the Security Deed is a negotiable instrument and governed by Article III. *See* Official Code of Georgia Annotated § 11-3-104. Under Georgia law, "negotiation" of a negotiable instrument "means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder" and if payable to an identified person, "requires transfer of possession of the instrument and its indorsement by the holder." Official Code of Georgia Annotated § 11-3-201. "Indorsement" means the

> signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (I) negotiating the instrument; (ii) restricting payment of the instrument; or (iii) incurring indorser's liability on the instrument; but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement [and f]or the purpose of determining whether the transferee of an instrument is a holder, an indorsement that transfers a security interest in the instrument is effective as an unqualified indorsement of the instrument.

Official Code of Georgia Annotated § 11-3-204(a), (c). And "'holder,' with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified

person is in possession." Official Code of Georgia Annotated § 11-1-201(20).

The record here establishes that U.S. Bank National Association has possession of the Note and is therefore the holder and owner by virtue of the indorsement from American Mortgage Express Corp. to Residential Funding Corporation and the subsequent indorsement by that entity to U.S. Bank National Association as Trustee. And as the owner and holder of the Note, U.S. Bank National Association has the unqualified right to enforce the document pursuant to Official Code of Georgia Annotated. § 11-3-301, which provides, in material part, that "'[p]erson entitled to enforce' an instrument means (I) the holder of the instrument[,] . . . [and that a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." Likewise, the terms of the Note itself contemplate the possibility of transfer, expressly stating in the section entitled "Borrower's Promise to Pay" that the Debtors "understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Exhibit 1 at ¶ 1. The Note also provides at ¶ 11 that

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. The Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

The Trustee's primary argument this afternoon is that because there is no

record that the Security Deed was assigned to U.S. Bank National Association, it does not possess the authority to foreclose thereunder; the court, however, finds this is incorrect. It has been a longstanding principle under Georgia law that a transferee to a note secured by real property may enforce the same. As stated by the Georgia Supreme Court in a relatively ancient case,

> A transfer of the debt by the grantee does not, in the absence of a conveyance, pass to the transferee title to the land. *Sheppard v. Reese*, 114 Ga. 411, 40 S.E. 282 (1901). But as a result of such transfer the transferee acquires an equitable interest in the security effectuated by the deed. *Van Pelt v. Hurt*, 97 Ga. 660, 25 S.E. 489 (1895). . . . The transferee may proceed to collect the debt by obtaining judgment and causing a levy to be made on the land after a reconveyance by the grantee; or he may in equity accomplish the same result by a proceeding against the debtor and the grantee, and in such a proceeding he may obtain a decree providing for a sale of the land and the payment of the debt, or for a recovery of the possession of the land, to be held for the same purpose and to the same extent as the grantee could have recovered it if he had not transferred the debt.

*Clark v. Harvard*, 50 S.E. 108, 109 (Ga. 1905); *see also Alley v. First Nat'l Bank of Gainesville*, 168 S.E. 317, 318 (Ga. Ct. App. 1933) (holding that the transferee of a note secured by a conveyance of land "is entitled to all the rights held by the original grantee."); *Setze v. First Nat'l Bank*, 79 S.E. 540, 541-42 (Ga. 1913); *Patillo v. Hallet & Davis Piano Co.*, 106 S.E. 206 (Ga. Ct. App. 1921).

This rule of law also appears to have been codified by the Official Code of

Georgia Annotated.  Section 10-3-1 states that "[t]he transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security."  Section 44-14-182 states, in material part, that "[a]n endorsement to order or in blank by the payee of a mortgage note gives the endorsee or the holder for value the right to foreclose the mortgage in his own name."  Section 44-14-325 states that "[a]ll transfers and assignments of rent notes, mortgage notes, and other such evidences of indebtedness which are secured either by contract lien or out of which a lien springs by operation of law shall be sufficiently technical and valid where the transfer or assignment plainly seeks to pass the title to any of the papers in writing from one person to another."  Finally, § 44-14-531 states that "[u]pon the simple transfer or assignment of any rent note, mortgage note, or other such evidence of debt as mentioned in Code Sections 44-14-325 and 44-14-326, the person to whom the same may be transferred or assigned shall, without more, have full power and authority to foreclose or enforce the evidences of debt in his own name."

Likewise, the Security Deed at ¶ 22 expressly grants the Lender the right to "invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law . . . [whereby] Lender shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale [and] Lender or its designee may purchase the Property at any sale."  Through the subsequent indorsements from American Mortgage Express Corp. and Residential Funding Corporation, U.S. Bank National Association became the 'Lender' under both the Note and the Security Deed and, as such, is expressly authorized to foreclose the Eddie Craig Drive Property under the terms thereof and Georgia law.

The Trustee also argues that because she has no proof as to the Trust for which U.S. Bank National Association is Trustee, the bank is not the proper party in

interest; however, the fact that she has no information about the Trust is immaterial. Under Georgia law, because U.S. Bank National Association is the named bearer of the Note by virtue of the indorsement from Residential Funding Corporation and is in actual possession of the Note, it may enforce the Note, no matter that it is doing so as Trustee for a Trust. This additionally satisfies Rule 17 of the Federal Rules of Civil Procedure which states that a trustee of an express trust may sue on the trust's behalf without joinder of the trust.

For the reasons stated, the Trustee's Objection will be overruled and U.S. Bank National Association's Motion will be granted. The Trustee will be directed to abandon the property as a burdensome asset of the estate. Additionally, as requested in its Motion, the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure will be waived, and U.S. Bank National Association will be allowed to immediately enforce its rights under the Note and Security Deed.

This Memorandum constitutes findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a), made applicable to this bankruptcy case by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure. I will see that an order is entered this afternoon or tomorrow by granting the relief as I have stated. I will not ask Ms. Dunn, the court reporter, to transcribe my opinion. If it is transcribed as Ms. Grifka's request or Ms. Mostoller's request, Ms. Dunn will submit a hard copy to me for additions and corrections, after which the Memorandum will be filed electronically and served on the parties in interest.

FILED: October 26, 2009

/s/ *Richard Stair, Jr.*
RICHARD STAIR, JR.
U.S. BANKRUPTCY JUDGE